IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| William Michael Skinner, Jr., Mitch Rowell, Laurence H. Flanegan, William Jeff Holman and John Faiella, | ) ) ) ) | Civil Action No. 3:13-2924-MGL |
| Plaintiffs, | ) ) ) | **AMENDED COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| vs. | ) ) | |
| Gateway Mortgage Group, LLC, J. Kevin Stitt, Dane Basham, | ) ) ) | |
| Defendant. | ) ) | |

The Plaintiffs, complaining of the Defendants, allege and state and follows:

1. That the Plaintiffs are citizens and residents of the State of South Carolina and are currently residing in various counties in the State of South Carolina, including Richland County;

2. The Defendant, Gateway Mortgage Group, LLC, is a corporate entity duly registered to do business in the State of South Carolina, has done business in the State of South Carolina out of various locations and is currently conducting business in South Carolina out of a location in Lexington County, State of South Carolina. The Defendants J. Kevin Stitt (hereinafter Stitt) and Dane Basham (hereinafter Basham) are agents and employees of Defendant Gateway Mortgage Group, LLC (hereinafter GMG) and also individuals residing at unknown locations;

3. That the Defendant GMG regularly conducted business from South Carolina from offices located within the State of South Carolina and also conduct the same from offices outside of the state. The individual Defendants were superiors of Plaintiffs and were and are responsible for making decisions as to payment of wages to Plaintiffs and have the authority to make such decisions.

1

4. That Plaintiffs were all working for the Defendants based out of its South Carolina branch location(s), said employment required to be under legal, proper and appropriate terms and conditions as properly noticed and/or agreed under the laws of the State of South Carolina.

5. The Plaintiffs were all separated from employment with the Defendant GMG on or about October 17, 2012.

6. At the time of their separation from employment with the Defendant GMG, and/or shortly thereafter, the Plaintiffs had all earned and were entitled to be paid certain earnings as defined under the laws of the State of South Carolina.

7. Despite notice and demand for payment of Plaintiffs' earnings, Defendants have willfully and wrongfully failed and refused to pay the Plaintiffs the earnings to which they are entitled.

8. The Defendants have continued to fail and refuse to pay the Plaintiffs' earnings.

9. The Plaintiffs have complied with any and all conditions for entitlement to the payment of earnings due them yet Defendants continue to refuse to pay Plaintiffs their earnings.

**FOR A FIRST CAUSE OF ACTION**
**(Payment of Wages Act)**

10. Paragraphs 1 through 9 above are realleged as fully as if restated herein.

11. The unpaid earnings of Plaintiffs constitute unpaid wages under the Wage Act.

12. The Defendants' failure and refusal to pay the Plaintiffs' wages, in addition to other acts and/or omissions, is/are a violation or violations of the State of South Carolina Payment of Wages Act, S.C. Code Ann. §41-10-10, *et seq.*, as amended (hereinafter Wage Act).

13. That Plaintiffs have been damaged by the Defendants' violation(s) and intentional violation(s) of the Wage Act.

14. Pursuant to the Wage Act, the Plaintiffs are entitled to recover from the Defendants three times the full amount of their unpaid wages plus costs and, including but not limited to interest, pre and post judgment, and a reasonable attorney's fee.

2

## FOR AN ALTERNATIVE FIRST CAUSE OF ACTION
### (Failure to Pay Commissions)

15. Paragraphs 1 through 14 above are realleged as fully as if restated herein.

16. That in the event this Court should determine the Plaintiffs are not "employees" as such term is defined for purposes of the Wage Act, or otherwise entitled to relief under that Act, Plaintiffs bring this claim under S.C. Code Ann. § 39-65-10 *et seq*., as amended, also known as the Payment of Post Termination Claims to Sales Representatives Act, hereinafter called Sales Representative Act.

17. That prior to October 17, 2012 the Plaintiffs were all parties to individual contracts as sales representatives with Defendant, Defendant being the principal. Further, that on or about October 17, 2012 those contracts were terminated by unilateral action(s) of the principal.

18. That pursuant to the contracts by and between the Plaintiffs and the Defendant GMG there are commissions which are due Plaintiffs which have and did accrue under their contracts according to the terms of those contracts, Plaintiffs fulfilling all terms and conditions of their contracts so at to entitle them to payment and relief under contract and/or other law and the laws of the State of South Carolina, including but not limited to the Sales Representative Act.

19. Defendant has failed and refused to pay all commissions due that have and did accrue under the contracts despite Plaintiffs fully complying with any and all conditions within their control for the payment of said commissions.

20. That by virtue of the same, Plaintiffs are informed and believe that they are entitled to not only the full amount of the commissions due, but also an appropriate award of punitive damages not to exceed three times the amount of commissions due and the attorney's fees actually and reasonably incurred by the sales representative in the action and court costs, including but not limited to interest, both pre and post judgment.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

21. Paragraphs 1 through 20 above are realleged as fully as if restated herein.

22. The Plaintiffs and Defendants were parties to employment contracts as to their compensation.

23. The Plaintiffs complied with all conditions for payment of compensation under those contracts.

24. The Defendant GMG has breached the contracts in that it has failed to pay the Plaintiffs by the terms and conditions of their contracts.

25. Based thereon, Plaintiffs are informed and believe they are entitled to actual damages under their contracts, including but not limited to, interest, pre and post judgment, plus costs and expenses, and a reasonable attorney's fee.

## FOR A THIRD CAUSE OF ACTION
### (Breach with Fraudulent or Deceptive Act)

26. Paragraphs 1 through 25 above are realleged as fully as if restated herein.

27. Plaintiffs allege that not only is Defendant GMG and the Defendants Stitt and Basham in breach for nonpayment of compensation as agreed, but that the Defendants have put forth false, misleading, and inaccurate information so as to conceal and or hide Defendant GMG's breach of contract with each Plaintiff the Defendants Stitt and Basham acting individually and as agents of Defendant GMG.

28. Based thereon, Plaintiffs are informed and believe they are entitled to actual and punitive damages, including but not limited to interest, pre and post judgment, plus costs and expenses, and a reasonable attorney's fee.

## FOR A FOURTH CAUSE OF ACTION
### (Unfair Trade Practices)

29. Paragraphs 1 through 28 above are realleged as fully as if restated herein.

30. The Defendants have a habit and practice of repeatedly failing and refusing to properly notice and/or put in writing the terms of conditions of employment, insistence on false and improper claims of forfeiture of due earnings, and failure to pay earnings due to its separated workers.

31. The Defendants' habit and practice of improper notice and/or failure to put in writing the terms of conditions of employment, insistence on false and improper claims of forfeiture of due earnings, and failure to pay earnings due to its separated workers is unfair and deceptive.

32. The Defendants' habit and practice of repeatedly giving improper notice and/or failure to put in writing the terms of conditions of employment, insistence on improper claims of forfeiture of due earnings, and failure to pay earnings due to its separated workers has an impact on the public interest in that this habit and practice is capable of repetition and is in fact repeated.

33. The Defendants knew or should have known that its and their habit and practice of giving improper notice and/or failure to put in writing the terms of conditions of employment, insistence on improper claims of forfeiture of due earnings, and failure to pay earnings due to its separated workers is a violation of the South Carolina Unfair Trade Practices Act.

34. The Defendants had actual knowledge that its and their failure to pay the Plaintiffs' earnings is a violation of the Wages Act and/or the Sales Representative Act.

35. The Plaintiffs have suffered actual damage as a direct and proximate result of the Defendants' unfair habit and practice of failing and refusing to pay earnings due to its separated workers.

36. The Plaintiffs are entitled to an award of actual damages against the Defendants in an amount to be determined by the trier of fact, to be trebled pursuant to the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 *et seq.*, together with reasonable attorney's fees and the costs and expenses of this action, and including but not limited to pre and post judgment interest.

**FOR A FIFTH CAUSE OF ACTION**
**(Bad Faith)**

37. Paragraphs 1 through 36 above are realleged as fully as if restated herein.

38. A contract of employment and/or an agreement to pay earnings existed between the parties.

39. The agreements between the parties included an implied covenant of good faith and fair dealing relating to all aspects of the relationship between the parties, including but not limited to the payment of earnings due the Plaintiffs.

40. The Defendants' failure and refusal to pay wages due to the Plaintiffs constitutes a violation of the implied covenant of good faith and fair dealing.

41. The Defendants' conduct in violation of the implied covenant of good faith and fair dealing has caused damage to the Plaintiffs.

42. The Plaintiffs are entitled to recover actual damages and punitive damages against the Defendants in an amount to be determined by the trier of fact, plus the costs and expenses of this action, including but not limited to pre and post judgment interest and a reasonable attorney's fee;

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. On the first cause of action, three times the full amount of their unpaid wages plus costs and interest as alleged and a reasonable attorney's fee; or

2. On the first alternative cause of action, the full amount of the commissions due, and also an appropriate award of punitive damages not to exceed three times the amount of commissions due and the attorney's fees actually and reasonably incurred by the sales representative in the action and court costs, plus other allowed damages including but not limited to pre and post judgment interest; and

3. On the second cause of action, actual damages under their contracts, including but not limited to, interest, pre and post judgment, plus costs and expenses, and a reasonable attorney's fee; and

4. On the third cause of action, actual and punitive damages, including but not limited to interest, pre and post judgment, plus costs and expenses, and a reasonable attorney's fee; and

5. On the fourth cause of action, an award of actual damages against the Defendants in an amount to be determined by the trier of fact, to be trebled pursuant to the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 *et seq*., together with reasonable attorney's fees and the costs and expenses of this action to include interest, pre and post judgment; and

6. On the fifth cause of action, actual damages and punitive damages against the Defendants in an amount to be determined by the trier of fact, plus the costs and expenses of this action, including but not limited to pre and post judgment interest and a reasonable attorney's fee; and

7. Pre and post judgment interest on all sums determined to be due; and

8. Such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

By: s/Brian Dumas
Brian Dumas SC Bar 1786, Fed ID 638
BRIAN DUMAS, ATTORNEY LLC
718 Clemson Road
Columbia, SC 29229
(803)699-4996 / FAX (803)699-4995
brian@briandumasattorney.com
Attorney for the Plaintiffs

Columbia, South Carolina.
January 30, 2015